UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANNIE HARRIS, | |
| Plaintiff, | No. 24 CV 957 |
| v. | Judge Manish S. Shah |
| COOK COUNTY, | |
| Defendant. | |

ORDER

Defendant's motion to dismiss, [12], is denied. Defendant shall answer the amended complaint by December 9, 2024. By December 12, 2024, the parties shall file a joint status report with a proposed case schedule.

STATEMENT

Plaintiff Jannie Harris worked as a registered nurse for defendant Cook County's Stroger Hospital. [11] ¶ 2.[1] In the fall of 2021, the Cook County Hospital System instituted a mandatory COVID-19 vaccination policy for employees. *Id.* ¶¶ 6, 9. The policy required employees to be immunized against COVID-19 unless they qualified for an exemption. *Id.* ¶ 9; [12-1] (notice of mandatory COVID-19 vaccination for personnel).[2] Employees could seek an exemption or deferral from vaccination requirements "based on a disability, medical condition, or sincerely held religious belief, practice, or observance." [12-1] at 2.

Harris refused vaccination based on her religious beliefs. [11] ¶ 12. She filled out an accommodation form that asked for a one-line "description of religious doctrine or practice that is contrary to vaccinations." *Id.* ¶ 13. She stated that "she was a parishioner of the Hope Community Advent Christian Church, an Advent Church in

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from plaintiff's amended complaint, [11].

[2] Defendant's COVID-19 vaccination policy is referenced in plaintiff's complaint and central to her claim. Plaintiff does not dispute its accuracy. I take judicial notice of the policy. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

Chicago." *Id.* ¶ 12. She cited Corinthians 7:1, which states, "since we have these promises, beloved, let us cleanse ourselves from every defilement of body and spirit, being holiness to competition in the fear of God." *Id.*

Cook County granted Harris an accommodation, which she alleges was an accommodation in name only. [11] ¶ 14. Harris had to find and apply for a telecommuting position. *Id.* Once she applied, she was placed in an applicant pool that included those who were not seeking an accommodation. *Id.* She was given 90 days of unpaid leave to find a position. *Id.* ¶ 15. Harris was not approved for any telecommuting position, and she alleges that no such positions were available for her. *Id.* ¶ 16.

Harris's accommodation period ended in December 2021, and she was terminated soon after. [11] ¶ 19. Harris alleges that she was otherwise meeting all of defendant's work requirements, including following hospital precautions for COVID-19 mitigation. *Id.* ¶¶ 7–8, 20. She says that Cook County offered accommodations to employees who were not vaccinated but sought accommodations based on non-religious factors. *Id.* ¶ 17. Harris brings this suit against Cook County alleging religious discrimination under Title VII, 42 U.S.C. § 2000e. *Id.* ¶¶ 18, 22.

A complaint must contain "a short and plain statement" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). At this stage, I accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor, disregarding legal conclusions or "[t]hreadbare recitals" supported by only "conclusory statements." *Iqbal*, 556 U.S. at 678.

Title VII prohibits an employer from discriminating on the basis of religion. 42 U.S.C. § 2000e-2(a)(1). Religion encompasses "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to [sic] an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." *Id.* § 2000e(j). The statutory definition is a "blend" of a substantive definition, an employer's implied duty to accommodate an employee's religious belief and practices, and an affirmative defense for failure-to-accommodate claims if accommodation imposes an undue hardship on the employer. *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 448 (7th Cir. 2013).

To state a failure-to-accommodate claim, Harris must allege that "(1) the observance, practice, or belief conflicting with an employment requirement is religious in nature; (2) the employee called the religious observance, practice, or belief to the employer's attention; and (3) the religious observance, practice, or belief was the basis for the employee's discriminatory treatment." *Passarella v. Aspirus, Inc.*,

2

108 F.4th 1005, 1009 (7th Cir. 2024). The statutory definition of religion is expansive, and an employee's religious objection to a work requirement may include both religious and secular reasons. *Id.* At the pleading stage, Harris need only plausibly allege that *some* aspect of her request was based on her religious observance and practice or belief. *Id.*

In *Passarella*, the court of appeals held that one plaintiff's articulation of her objection to the COVID vaccination was plausibly religious in nature because she "expressly stated her Christian belief that the body is a 'temple of the Holy Spirit' in tandem with concerns about the potentially harmful effects of the vaccine." 108 F.4th at 1009. Cook County argues that Harris's exemption request falls short of the requests in *Passarella* because Harris does not explain what her beliefs entail as a member of the Hope Community Advent Christian Church, whether the church endorses a specific religious tenet prohibiting vaccination, or how the scripture passage she quotes is connected to her objection to the vaccine. [14] at 2–4.

Although the plaintiffs in *Passarella* said more about the connection between their religious beliefs and the vaccine than just citing a religious text, Harris's request nevertheless suffices. An accommodation request survives a motion to dismiss if it "can be read on its face as plausibly based in part on an aspect of the plaintiff-employee's religious belief or practice." *Passarella*, 108 F.4th at 1011. Title VII does not require a plaintiff to "explain in [] depth how any particular tenet or principle of her religion prohibited vaccination." *Id.* at 1012. It is enough that the facts alleged support an inference that her refusal to be vaccinated was an aspect of her religious belief or practice. *Id.* Here, Harris has met that standard by stating her religion (Christianity) and the religious principle (the scripture verse) that forms the basis for her objection to the vaccine.[3] The reference to the scripture is enough to connect the dots of her religion and vaccine objection even if she did not explicitly state that she believed a vaccine is a "defilement of body and spirit." [11] ¶ 12. That much is reasonable to infer from her request. For now, that is enough to survive dismissal.

Cook County argues Harris has not plausibly alleged that there was an in-person accommodation available to her and that any in-person position would have constituted an undue hardship on defendant. [14] at 6–7. Undue hardship is an affirmative defense that a plaintiff need not anticipate in her complaint, *Benson v.*

---

[3] Harris includes additional detail in her response brief explaining that her citation to Corinthians 7:1 was expressing a concern that COVID vaccines "were a form of defilement of the body." [13] at 2. A plaintiff may not amend her complaint through a response brief, *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011), but in this case her brief adds explanation that is not necessary to resolve the issue of whether her exemption request was sufficient.

3

*Fannie May Confections Brands, Inc.*, 944 F.3d 639, 645 (7th Cir. 2019), and this is not a case where Harris has pleaded herself out of court.

    Defendant's motion to dismiss, [12], is denied.

ENTER:

Date: November 18, 2024

                                             Manish S. Shah
                                             U.S. District Judge